## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| CHRISTINA SCOTT, individually and as the representative of a class of similarly-situated persons; <br><br> Plaintiff, <br><br> vs. <br><br> CENTURYLINK, INC., a Louisiana corporation, CENTURYLINK COMMUNICATIONS, LLC, CENTURYLINK SALES SOLUTIONS, INC., and DOES 1 through 50, inclusive; <br><br> Defendants. | Case No.: <br><br> **PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND** <br><br> 1. **FRAUD** <br> 2. **UNJUST ENRICHMENT** <br> 3. **UNFAIR AND DECEPTIVE ACTS AND PRACTICES UNDER THE VARIOUS STATE LAWS IN WHICH CLASS MEMBERS RESIDE** <br><br> **DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

1.      This is a class action brought by Plaintiff on behalf of all consumers in the United States who purchased any services from Defendants and were overcharged.

2.      CenturyLink has long been the subject of complaints regarding service and billing practices.  Complaints of these practices can be found myriad places and seem to grow daily.

3.      The complaints are not limited to consumers, in fact at least one employee has decided to highlight the billing practices engaged in by Defendants.  In mid-June of this year, a former CenturyLink employee, Heidi Heiser, filed a whistleblower complaint in the Superior Court of Arizona.  In her complaint she alleged that she was terminated for reporting to her supervisors and the CEO unlawful billing practices she observed and refused to take part in as a sales representative.

4.      Consumers throughout the nation have experienced ever fluctuating bills, rates higher than promised, failure to provide services as promised, charging for items and services not bargained for, and many other complaints as outlined below.

{348565.DOCX }

## Experience of Christina Scott with CenturyLink in Missouri

5.　　Christina Scott resides in Johnson County, Missouri.  Ms. Scott is a lifelong resident of Missouri and has lived here for approximately 40 years.

6.　　In May of 2015, Ms. Scott purchased CenturyLink Internet services only.  She never purchased a landline, however (amongst other fraudulent billing practices) has been charged for one or more.

7.　　Ms. Scott has also experienced service that is generally substandard.  Despite reassurances of the quality of the service provided she often experiences failures of the service.  Additionally when there have been failures in the service Defendants try and pass charges along to Plaintiff instead of providing services as agreed.

8.　　Ms. Scott has also seen her bill rise from the negotiated rate of approximately $50.00 multiple times.  Even now her bill is in the $70 dollar range and is not what she agreed to.

9.　　Plaintiff has attempted to talk to CenturyLink to resolve issue.  Generally this results in long times on the phone with little resolution.   Plaintiff believes that she has spoken to CenturyLink on the phone on the order of 30 to 40 hours trying to get things resolved.

## EXPERIENCE OF OTHER MISSOURI CONSUMERS

10.　　Plaintiff's experience is commiserate with other consumers in Missouri. Defendants' practices are endemic and affect residents throughout the state and the nation.

11.　　Fellow Missouri residents have had the following to say in regards to their experiences in Missouri (formatting and typographical errors in original):

a.　I've had centurylink for approximately a year. I am signed up for their $29.99 service as seen on tv. my bill has progressively increased and I have contacted them twice now, getting ready to contact them again. They can't give me a straight answer on why the increase and offer to credit my account or give me some extra service for a discounted price. I contacted them thru telephone and recently used their live chat thru internet. that was quite the joke!! I'm going to report them to the better

business bureau, I'm not sure if it will do any good but companies should not be able to screw people over the way centurlink does. My $29.99 service has made its way up to $57.17...

b. iT HAS NOW BEEN 9 MONTHS FROM THE TIME I ORDERED Century LINK fiber service. My original order was for $183.00 a month .I still have not been able to get them to lower my bill to that amount .The problem is that you never talk to the same person twice. The guy that ordered it says his hands are tied up .The service did not work right for 6 months, it would lock up every 20 min or so. I finally convinced them to change out the router. It fixed that problem .This has got to be the worst company i have ever had for a provider

c. CenturyLink and Prisim are absolutel out to scam you. Disceptive marking sells one thing and billing sends you a bill for something completely different. At least two key issues: (1.) Confusing use of terms like Bundle, Package, Promotion allows the marketer to sell one thing - making big promises that sound competitve but are actually the beginning of sky high UNBUNDED fees and sur charges that no one in their right mind would agree to. ( 2.) They will provide NO written agreement so that your 1st bill is the only thing you have to understand that you have been sold something you never wanted. Then the scam is huge disconnect charges ($200 to disconnect the internet before the end of the contract.) The best you can do to avoid big disconnect is escalate with the customer service rep, until you are able to change your agreement (oral of course so who knows whether you get what was agreed to) so that you have only a 1 year contract for the lowest level of services possible. Moral: Dont do business with these people and if you have the unfortunate luck to be ensnared, ratched down and escape with your life.

d. On 12/14/2013, I called centrylink for new service information, a representative told me he could gave me a good deal: $59.99 for bundle of phone+10mbp internet service, the charge is sum total, including all fees, he also said he ordered a prepaid

$100 gift card for me which will arrive 2 months after service started. He said my first bill will be $115 which includes the $55 initial activation fees, but it would be offset by the $100 gife card. As I had bad experiences with phone company before, I called back to confirm this, he assured me and told me his first name is Salie, ID is 317376, if it turned out not as what he said, I could call back he would adjust it, for that gift card, I don't need to do anything, it is in order, just wait. I got my first bill today, it is about $170. I called centrylink for Salie several times, was told they can't transfer calls out. About the deal, "you were misinformed, we are sorry for that, obviously that's not correct." They said they mailed a confirmation letter and sent out emails, I never see that! About that gift card, I was told to go to www.centrylink.com/getmygiftcard to claim myself, which turns out that website doesn't exist!!!!!!!!!!!!!!!!!!! Are people still doing honest business in America?

e. We recently moved and were looking for TV/internet services. There was a billboard on the interstate right outside our town that adverstised a bundle price of $74.95 per month. When I called Centurylink to find out what was involved in that plan, the customer service representative stated that it was a TV packaged through DISH network, internet, and unlimited local and long distance home phone, and if I would like they could throw in an HBO package on the TV for 3 months. This all sounded okay to me, so I went ahead and verbally agreed to this plan. So, DISH network came and set up the TV in the time promised, however the internet and home phone was connected two days later than promised. Once it was set up we had many problems with the internet but the real problems began when the first bill arrived. The bill was for around $150, not the $75 that was quoted. When I called to dispute it, they stated that all of the extra charges were just my installation fees and that they had charged me for the free HBO. I was instructed to subtract $21.28 from my bill, so reluctantly, I sent in the payment of around $125. When the second bill arrived I was shocked again to get yet again another bill for $150. I called again

and they stated that my package costs around $90 and no one would have ever quoted me such a price in the first place, that what I was subscribed to. I was charged a late fee for the $21 from the month before but this time had all 3 months credit for the HBO. I was very cordial to the customer services representatives but was getting nowhere. I just wanted my bill adjusted and I wanted the package I was quoted that I agreed to. They informed me I was already recieving the lowest price ant there was nothing they could do for me. When I explained I was not going to pay this bill in its entirety because I didn't agree with the charges I was threatened that they would turn me into collections. That's where I lost it. I have amazing credit, always pay my bills on time and have never had a bill go to collections! I then told them that I was going to have to cancel these services if they couldn't meet me in the middle somehow. I was told by a supervisor that if that would make me happy, I could just go right ahead. When I went to cancel these services, I was met with ridiculous termination fees, $100 for centurylink and $425 for DISH network. Centurylink advised me to cancel and stated that if I canceled one part of the bundle that I had to cancel the whole thing, that I couldn't keep my DISH (which now I know is not the case). I talked to everyone I could and even had a 3 way call between Centurylink and DISH...all of the sudden they are two separate companies and they keep telling me to call the other company to resolve my problems. My chief complaint is that Centurylink misinformed me from the start and because of their actions, I am in a bad situation with DISH network. Centurylink was rude and told me to cancel my bundle and that they had the authority to handle my DISH problems, which they did not! I had already started a new service agreement with another company and now owe DISH network $425 for early cancelation. I am so frustrated with Centurylink and even after 6 hours on the phone with them/DISH, and many supervisors later, they can't resolve my problem. I cannot believe how

unprofessional their customer service is and that they won't help one of their newest

customers...I can only imagine how they treat their old ones.

## PARTIES

12.    Plaintiff Christina Scott is a citizen of the State of Missouri who lives in Johnson County, Missouri.

13.    Defendant CenturyLink, Inc. is a Louisiana corporation doing business in the State of Missouri.   At all material times CenturyLink, Inc. has maintained operations throughout this State, and has transacted business throughout this State. On information and belief, CenturyLink is a large corporate provider of phone and data transmission services, including telephone, high speed internet and television services to residential and commercial consumers throughout the United States, including in Missouri.  However, CenturyLink, Inc. does not maintain a registered agent in Missouri and may be served with process by serving its registered agent in Louisiana as follows: CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

14.    CENTURYLINK COMMUNICATIONS, LLC, is a Delaware Limited Liability Company registered to do business in the State of Missouri.  At all material times CenturyLink Communications, LLC. has maintained legal authority to transact business in this State, has maintained operations throughout this State, and has transacted business throughout this State. On information and belief, CenturyLink Communications, LLC is a subsidiary of Defendant CenturyLink, Inc., a large corporate provider of phone and data transmission services, including telephone, high speed internet and television services to residential and commercial consumers throughout the United States, including in Missouri.  CenturyLink Communications, LLC may be served by serving its registered agent for service of process as follows: CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

15.    CENTURYLINK SALES SOLUTIONS, INC., is a Delaware corporation registered to do business in the State of Missouri.  At all material times CenturyLink Sales

Solutions, Inc. has maintained legal authority to transact business in this State, has maintained operations throughout this State, and has transacted business throughout this State. On information and belief, CenturyLink Sales Solutions, Inc. is a subsidiary of Defendant CenturyLink, Inc., a large corporate provider of phone and data transmission services, including telephone, high speed internet and television services to residential and commercial consumers throughout the United States, including in Missouri. CenturyLink Sales Solutions, Inc. may be served by serving its registered agent for service of process as follows: CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

16. Each of the CenturyLink entities above will be jointly referred to as "CenturyLink" or "Defendants."

17. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when the same have been fully ascertained.

18. Plaintiff is further informed and believes, and based thereon alleges, that at all relevant times, each Defendant was under the control of its Co-Defendants, and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

20.     This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 because the claims herein arise in part out of violations of federal law.

21.     This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

22.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendants are actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) Defendants transact business in the State and in the District based on their sales with residents of the District; (iii) upon information and belief Defendants have committed unlawful acts in the District by and through their sales and/or finance practices with residents of this District; and (iv) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this class action on behalf of herself and all other similarly situated consumers in the United States.  The proposed Class includes all individuals who purchased services from Defendant CenturyLink and were charged any amount more than what they had agreed to pay CenturyLink from 2012 until the present (the "Class Period").  Excluded from the Class are assigned judges and members of their families within the first degree of consanguinity, Defendants, and their subsidiaries, affiliates, officers, and directors.

24.     The proposed Class is so numerous that individual joinder of all their members is impracticable.  On information and belief, members of the Class number in the hundreds of thousands or millions.  The precise number of Class members and their identities are unknown to Plaintiff at this time but will be ascertained through appropriate discovery.  Class members may be notified of the pendency of this action by mail, publication and/or through the records of Defendants and third party retailers and vendors.

25.     There are many common questions of law and fact affecting Plaintiff and Class Members.  Common legal and factual questions include, but are not limited to:

- whether Defendants billed consumers for products never received;

- whether Defendants failed to give consumers credit for these charges they did not incur;

- whether Defendants billed consumers early termination fees when they cancelled the services due to higher rates;

- whether Defendants billed consumers when they cancelled their service upon learning the quality was not how CenturyLink had represented it;

- whether Defendants billed consumers for periods of service before the service was connected;

- whether Defendants billed consumers for consumers for services and products that the consumer never requested without giving the consumer a credit for these charges;

- whether Defendants failed to process consumers' service cancellation requests in a timely manner and billed them for the period of the time the service remained connected following the request for cancellation, without providing a credit for this time period; and

- whether Defendants billed consumers full price for leased modems that consumers returned to CenturyLink within the required timeframe, and then referring the

consumers account to collections when the consumer refused to pay for the returned modem.

- whether Defendants billed consumers for phone lines or service items never requested by consumers;

- whether Defendants billed consumers higher rates than the rates quoted during sales calls;

- whether Defendants should be permanently enjoined from engaging in the same or similar conduct;

- whether the members of the plaintiff classes are entitled to restitution, restoration of property and/or rescission;

- whether Defendants' conduct was committed knowingly;

- whether Defendants' conduct was committed intentionally;

- the amount of the liability of the Defendants;

- whether the members of the Plaintiff class are entitled to prejudgment and/or post-judgment interest;

- whether Defendants' violations entitle the class to recover from Defendant attorney's fees;

- whether Defendants engaged in common law fraud;

26. Plaintiff's claims are typical of the claims of the proposed Class because Plaintiff and Class Members were harmed in the same manner by the same conduct. Plaintiff and Class Members have all sustained economic injury arising out of Defendants' violations of common and statutory law as alleged herein.

27. Plaintiff will fairly and adequately represent and protect the interests of the Class. Her interests do not conflict with the interests of the Class she seeks to represent, she

have retained counsel competent and experienced in prosecuting class actions, and they intend to prosecute this action vigorously.

28.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members.  Given the relatively small amount of individual damages at stake, individual litigation is not practicable.  Individual Class members will not wish to undertake the burden and expense of individual cases.  In addition, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  Individualized litigation also presents the potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

29.     Questions of law and fact common to the Class and predominate over any questions affecting only individual Class Members.  Injuries sustained by Plaintiff and Class Members flow, in each instance, from a common nucleus of operative facts, i.e., Defendants' misrepresentations and the actual pricing and charges for services.  In each case, Defendants deceived Plaintiff and Class Members as to the actual pricing and billing practices concerning their services.  The resolution of these central issues will be the focus of the litigation and predominate over any individual issues.

## FIRST CAUSE OF ACTION
### FRAUD
***(By Plaintiff Individually and On Behalf of All Class Members
Against All Defendants)***

30.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

31.     As alleged hereinabove, CenturyLink, through its employees and agents, has engaged in a pattern and practice of fraudulent activity, including but not limited to affirmative misstatements of fact and fraud by omission of other material facts.

32.     Specifically, on information and belief, CenturyLink agents took orders or service requests and represented to the customers making such requests that they were fulfilling the requests and assigning just those services the customers had requested.

33.     On information and belief, such agents knew at the time they made such representations, or at times thereafter, that they were actually engaging in unlawful conduct as described above.

34.     Defendants were aware of the falsity of the representations alleged herein or the falsity of the perceptions created by the omissions alleged herein.

35.     Plaintiff and class members were not aware of the falsity of the representations or of the falsity of the perceptions created by the omissions alleged herein.

36.     Defendants intended that Plaintiff and class members rely upon the false representations and/or omissions alleged herein.

37.     The misrepresentations and/or omissions were material to Plaintiff and class members in making decisions about opening accounts and purchasing services from Defendants, including decisions whether to continue doing business with CenturyLink.

38.     Plaintiff did actually rely upon the false representations and/or omissions and such reliance was justifiable and reasonable under the circumstances.

39.     Plaintiff was harmed as a result of his reliance and has suffered economic losses. Plaintiff is entitled to recover damages against Defendant for such losses.

40.     In engaging in the conduct as hereinabove alleged, Defendants engaged in oppressive, fraudulent, malicious and/or outrageous conduct, thereby warranting an

assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

## SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT
*(By Plaintiff Individually and On Behalf of All Class Members Against All Defendants)*

41.     Plaintiff and Class Members re-allege and incorporate by reference each allegation set forth above.

42.     Plaintiff and Class Members conferred a benefit on CenturyLink by purchasing telecommunication and internet goods and services.  Defendants were aware of this benefit, and at the same time aware of the billing practices used by them in the sales of these services.

43.     CenturyLink has been unjustly enriched in retaining the revenues derived from Class Members' purchases of their goods and services which is unequitable as a result of Defendants unlawful and deceptive practices described above. Retention of that revenue under these circumstances is unjust and inequitable because Defendants used illegal, deceptive, and unfair business practices to induce or force customers to open, purchase, and/or maintain services and products.

44.     Because Defendants' retention of the benefit conferred on it by Plaintiff and class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for its unjust enrichment, as ordered by the Court.

## THIRD CAUSE OF ACTION
**Unfair and Deceptive Acts and Practices Under The Various State Laws In Which Class Members Reside, If The Court Eventually Determines That The Laws Of A Consumers' Residence Apply To Defendants' Wrongful, Unfair, And Deceptive Acts**

45.     Plaintiff and the Class Members re-allege and incorporate by reference each allegation set forth above and further allege as follows.

46.     As the choice of law question cannot be conclusively addressed at this point in the litigation, Plaintiff states the following alternative causes of action under the laws of the

states of residence of Class Members, if it is later determined by the Court that the choice of law rules require the application of these state laws.

47. The practices discussed above, including, but not limited to, Defendants' undisclosed defects, all constitute unfair competition or unfair, unconscionable, deceptive, fraudulent, or unlawful acts or business practices in violation of the state consumer protection statutes listed in ¶¶ 127 – 179 below.

48. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Statutes § 45.50.471, *et seq.* In particular, Alaska law provides:

> (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce are declared to be unlawful. (b) The terms "unfair methods of competition" and "unfair or deceptive acts or practices" include, but are not limited to, the following acts: . . . (4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (6) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (8) advertising goods or services with intent not to sell them as advertised; . . . (11) engaging in any other conduct creating a likelihood of confusion or of misunderstanding and which misleads, deceives or damages a buyer or a competitor in connection with the sale or advertisement of goods or services; (12) using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived or damaged; . . . (15) knowingly making false or misleading statements concerning the need for parts, replacement, or repair service . . .

Alaska Stat. § 45.50.471.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Alaska Statutes Annotated § 45.50.471.

49. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Arizona Revised Statutes § 44-1521, *et seq.* Particularly, Arizona law prohibits "[t]he act, use or employment by any person of any deception, deceptive act or

practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." Ariz. Rev. Stat. Ann. § 44-1522(A). By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Arizona Revised Statute Annotated § 44-1522(A).

50. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Arkansas Code Annotated § 4-88-101, *et seq.* In particular, Arkansas law provides:

> Deceptive and unconscionable trade practices made unlawful and prohibited by this chapter include, but are not limited to, the following: (1) Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services or as to whether goods are original or new or of a particular standard, quality, grade, style, or model; . . . (3) Advertising the goods or services with the intent not to sell them as advertised; . . . (10) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade. . . .

Ark. Code Ann. § 4-88-107.

Arkansas law further provides,

> "[w]hen utilized in connection with the sale or advertisement of any goods, services, or charitable solicitation, the following shall be unlawful: (1) The act, use, or employment by any person of any deception, fraud, or false pretense; or (2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission."

Ark. Code Ann. § 4-88-108.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants violated Arkansas Code Annotated §§ 4-88-107, 4-88-108.

51.     Defendants are subject to the Unfair Competition Law ("UCL"), California Bus. & Prof. Code §§ 17200 *et seq.* The UCL provides in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …." Defendants' conduct, as described herein, violated the "unlawful" prong of the UCL. Defendants' conduct, as described herein, also violated the "fraudulent" prong of the UCL. Defendants' acts, omissions, misrepresentations, practices, and non-disclosures as alleged herein constitute "unfair" business acts and practices under the UCL. Defendants' conduct offends public policy against false advertising.

52.     Defendants have violated the Consumers Legal Remedies Act (the "CLRA"), Calif. Civ. Code §§ 1750 *et seq.* Defendants violated and continue to violate the CLRA by engaging in the following practices proscribed by Section 1770(a) in its transactions with members of the California Subclass, which were intended to result in, and did result in, the sale of CenturyLink Services:

a.     CLRA § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

b.     CLRA § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another; and

c.     CLRA § 1770(a)(9): advertising goods with the intent not to sell them as advertised.

53.     Defendants violated the above provisions by representing CenturyLink Services were of a certain quality or grade when they were not. Defendants' false and misleading representations were designed to, and did induce the purchase of CenturyLink Services for personal use by the California Subclass members, in violation the CLRA.

54.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of Colorado Revised Statutes § 6-1-101, *et seq.* In particular, Colorado law provides:

A person engages in a deceptive trade practice when, in the course of such person's business, vocation, or occupation, such person: . . . (e) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith; . . . (g) Represents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another; . . . (i) Advertises goods, services, or property with intent not to sell them as advertised; . . . (u) Fails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction . . . .

Colo. Rev. Stat. § 6-1-105.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Colorado Revised Statutes § 6-1-105.

55.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of the General Statutes of Connecticut § 42-110a, *et seq*. In particular, Connecticut law provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated the General Statutes of Connecticut § 42-110b.

56.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Delaware Code Annotated Title 6, § 2511, *et seq*. In particular, Delaware law provides that "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful

practice." Del. Code Ann. tit. 6, § 2513(a). By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Delaware Code Annotated Title 6, § 2513(a).

57.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of District of Columbia Code § 28-3901, *et seq*. Particularly, District of Columbia law provides:

> It shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby, for any person to: (a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have; . . . (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another; (e) misrepresent as to a material fact which has a tendency to mislead; . . . (f) fail to state a material fact if such failure tends to mislead; . . . (h) advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered . . . .

D.C. Code § 28-3904.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated District of Columbia Code § 28-3904.

58.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Florida Statutes § 501.201, *et seq*. In particular, Florida law provides, "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. § 501.204(1). By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Florida Statutes § 501.204(1).

59.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Georgia Code Annotated §10-1-390, et seq. In particular, Georgia law provides:

(a) A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or services with intent not to sell them as advertised.

Ga. Code Ann. § 10-1-372.

Georgia law further provides:

(a) Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful. (b) By way of illustration only and without limiting the scope of subsection (a) of this Code section, the following practices are declared unlawful: . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . ; . . . (7) Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised . . . .

Ga. Code Ann. § 10-1-393(a).

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Georgia Code Annotated §§ 10-1-372, 10-1-393(a).

60.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Revised Statutes § 480-1, *et seq*. In particular, Hawaii law provides, "(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Haw. Rev. Stat. § 480-2. Hawaii law further provides:

(a) A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or

services with intent not to sell them as advertised; . . . (12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Haw. Rev. Stat. § 481A-3.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Hawaii Revised Statutes §§ 480-2, 481A-3.

61.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code Annotated § 48-601, *et seq.*  In particular, Idaho law provides:

> The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know, that he has in the past, or is: . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . ; . . . (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised; . . . (17) Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer . . . .

Idaho Code Ann. § 48-603.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Idaho Code Annotated § 48-603.

62.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 Illinois Compiled Statutes 505/1, *et seq.*  In particular, Illinois law provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5, 1965, [footnote] in the conduct of any trade or commerce

are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. . . .

815 Ill. Comp. Stat. 505/2.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated 815 Illinois Compiled Statutes 505/2.

63.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Indiana Code § 24-5-0.5-1, *et seq.*  In particular, Indiana law provides:

(a) The following acts or representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts: (1) That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have.  (2) That such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not. . . . (11) That the consumer will be able to purchase the subject of the consumer transaction as advertised by the supplier, if the supplier does not intend to sell it.

Ind. Code § 24-5-0.5-3.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Indiana Code § 24-5-0.5-3.

64.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of IOWA CODE § 714.16, *et seq.*

65.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kansas Statutes Annotated § 50-623, *et seq.*  In particular, Kansas law provides:

(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction; (b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled: (1) Representations made knowingly or with reason to know that: (A) Property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have; . . . (D) property or services

are of particular standard, quality, grade, style or model, if they are of another which differs materially from the representation; . . . (F) property or services has uses, benefits or characteristics unless the supplier relied upon and possesses a reasonable basis for making such representation; or (G) use, benefit or characteristic of property or services has been proven or otherwise substantiated unless the supplier relied upon and possesses the type and amount of proof or substantiation represented to exist; (2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact; (3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact . . . .

Kan. Stat. Ann. § 50-626.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Kansas Statutes Annotated § 50-626.

66.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kentucky Revised Statutes Annotated § 367.110, *et seq*. In particular, Kentucky law provides, "(1) Unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. (2) For the purposes of this section, unfair shall be construed to mean unconscionable." Ky. Rev. Stat. Ann. § 367.170. By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Kentucky Revised Statutes Annotated § 367.170.

67.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Louisiana Revised Statutes Annotated § 51:1401, *et seq*. Particularly, Louisiana law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La. Rev. Stat. Ann. § 51:1405A. By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Louisiana Revised Statutes Annotated § 51:1405A.

68.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Maine Revised Statutes Annotated Title 5, § 205-A, *et seq.*  In particular, Maine law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful."  Me. Rev. Stat. Ann. tit. 5, § 207.  By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Maine Revised Statutes Annotated Title 5, § 207.

69.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Maryland Code Annotated, Commercial Law § 13-101, *et seq.*  In particular, Maryland law provides:

> Unfair or deceptive trade practices include any: (1) False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers; (2) Representation that: (i) Consumer goods, consumer realty, or consumer services have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit, or quantity which they do not have; . . . or . . . (iv) Consumer goods, consumer realty, or consumer services are of a particular standard, quality, grade, style, or model which they are not; (3) Failure to state a material fact if the failure deceives or tends to deceive; . . . (5) Advertisement or offer of consumer goods, consumer realty, or consumer services: (i) Without intent to sell, lease, or rent them as advertised or offered; . . . (9) Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with: (i) The promotion or sale of any consumer goods, consumer realty, or consumer service . . . .

Md. Code Ann., Com. Law § 13-301.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Maryland Code Annotated, Commercial Law § 13-301.

70.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of the General Laws of Massachusetts Chapter 93A, § 1, *et seq.*  In

particular, Massachusetts law provides, "(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Mass. Gen. Laws Ch. 93A, § 2. By engaging in the practices discussed above, including, but not limited to, including, but not limited to, Defendants' undisclosed defects, Defendants have violated the General Laws of Massachusetts Chapter 93A, § 2.

71.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Michigan Compiled Laws § 445.901, *et seq*. In particular, Michigan law provides:

> (1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows: . . . (c) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . (e) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. . . . (g) Advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented. . . . . (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer. . . . . (bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is. . . . (cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

Mich. Comp. Laws § 445.903.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Michigan Compiled Laws § 445.903.

72.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minnesota Statutes § 8.31, *et seq*. In particular, Minnesota law provides:

> A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person: . . . (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or

quantities that they do not have . . . ; . . . (7) represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) advertises goods or services with intent not to sell them as advertised; . . . or (13) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Minn. Stat. § 325D.44, sub. 1.

Minnesota law further provides:

Any person, firm, corporation, or association who, with intent to sell or in anywise dispose of merchandise, securities, service, or anything offered by such person, firm, corporation, or association, directly or indirectly, to the public, for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest therein, makes, publishes, disseminates, circulates, or places before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper or other publication, or in the form of a book, notice, handbill, poster, bill, label, price tag, circular, pamphlet, program, or letter, or over any radio or television station, or in any other way, an advertisement of any sort regarding merchandise, securities, service, or anything so offered to the public, for use, consumption, purchase, or sale, which advertisement contains any material assertion, representation, or statement of fact which is untrue, deceptive, or misleading, shall, whether or not pecuniary or other specific damage to any person occurs as a direct result thereof, be guilty of a misdemeanor, and any such act is declared to be a public nuisance and may be enjoined as such.

Minn. Stat. § 325F.67.

Minnesota law provides as well that

"[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable . . . ."

Minn. Stat. § 325F.69, sub. 1.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Minnesota Statutes §§ 325D.44, sub. 1, 325F.67, 325F.69, sub. 1.

73.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MISS. CODE ANN. § 75-24-3, *et seq*.

74.     The Missouri Merchandising Practices Act broadly prohibits false, fraudulent or deceptive merchandising practices. Mo. Rev. Stat. § 407.020.   At all relevant times, Defendants' sales or distribution of CenturyLink Services was a "sale" as defined by Section 407.010 because such sale or distribution constituted a sale, lease, offer for sale or lease, or attempt to sell or lease merchandise for cash or on credit.   At all relevant times, Defendants' sales of CenturyLink Services were an "advertisement" as defined by Section 407.010 because such manufacturing, marketing, advertising, sales or distribution constituted an attempt by publication, dissemination, solicitation, circulation, or any other means to induce, directly or indirectly, any person to enter into any obligation or acquire any title or interest in any merchandise.

75.     In connection with the sale or advertisement of CenturyLink Services, Defendants failed to disclose that charges would be made in ways other than promised to customers.  Defendants knew that the omissions and representations concerning CenturyLink Services would be reasonably equated to performance and billing. As such, Defendants' acts and omissions as alleged constitute violations of Section 407.020.  As a direct and proximate result of Defendants' acts and omissions, Missouri consumers suffered damages and ascertainable losses in amounts to be determined at trial, by paying more for CenturyLink Services than they would have, or by not purchasing CenturyLink Services at all, if the true facts were known.

76.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Montana Code Annotated § 30-14-101, *et seq*.  In particular, Montana law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the

conduct of any trade or commerce are unlawful." Mont. Code Ann. § 30-14-103. By engaging

in the practices discussed above, including, but not limited to, Defendants' undisclosed defects,

Defendants have violated Montana Code Annotated § 30-14-103.

77.    Defendants have engaged in unfair competition or unfair or deceptive acts or

practices in violation of Nebraska Revised Statutes § 59-1601, *et seq*. In particular, Nebraska

law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the

conduct of any trade or commerce shall be unlawful." Neb. Rev. Stat. § 59-1602. Nebraska

law further provides:

> (a) A person engages in a deceptive trade practice when, in the course of his or
> her business, vocation, or occupation, he or she: . . . (5) Represents that goods
> or services have sponsorship, approval, characteristics, ingredients, uses,
> benefits, or quantities that they do not have . . . ; . . . (9) Advertises goods or
> services with intent not to sell them as advertised; . . . (c) This section does not
> affect unfair trade practices otherwise actionable at common law or under other
> statutes of this state.

Neb. Rev. Stat. § 87-302.

By engaging in the practices discussed above, including, but not limited to, Defendants'

undisclosed defects, Defendants have violated Nebraska Revised Statutes §§ 59-1602, 87-302.

78.    Defendants have engaged in unfair competition or unfair or deceptive acts or

practices in violation of Nevada Revised Statutes § 598.0903, *et seq*. Nevada law provides in

particular:

> A person engages in a "deceptive trade practice" if, in the course of his business
> or occupation, he: . . . 5. Knowingly makes a false representation as to the
> characteristics, ingredients, uses, benefits, alterations or quantities of goods or
> services for sale or lease or a false representation as to the sponsorship,
> approval, status, affiliation or connection of a person therewith. . . . 7.
> Represents that goods or services for sale or lease are of a particular standard,
> quality or grade, or that such goods are of a particular style or model, if he
> knows or should know that they are of another standard, quality, grade, style or
> model. . . . 9. Advertises goods or services with intent not to sell or lease them
> as advertised. . . . 15. Knowingly makes any other false representation in a
> transaction. . . .

Nev. Rev. Stat. § 598.0915.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Nevada Revised Statutes § 598.0915.

79.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New Hampshire Revised Statutes Annotated § 358-A:1, *et seq*. Particularly, New Hampshire law provides:

> It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state. Such unfair method of competition or unfair or deceptive act or practice shall include, but is not limited to, the following: . . . V. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . VII. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . IX. Advertising goods or services with intent not to sell them as advertised . . . .

N.H. Rev. Stat. Ann. § 358-A:2.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated New Hampshire Revised Statutes Annotated § 358-A:2.

80.     Defendants have engaged in unfair competition or unfair, unconscionable, or deceptive acts or practices in violation of New Jersey Statutes Annotated § 56:8-1, *et seq*. Particularly, New Jersey law provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

N.J.S.A. § 56:8-2.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated New Jersey Statutes Annotated § 56:8-2.

81.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New Mexico Statutes § 57-12-1, *et seq*.  In particular, New Mexico law provides:

> D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person and includes: . . . (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (7) representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another; . . . (14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive; . . . E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services . . . : (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or (2) results in a gross disparity between the value received by a person and the price paid.

N.M. Stat. § 57-12-2.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated New Mexico Statutes § 57-12-2.

82.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New York General Business Law § 349, *et seq*.  In particular, New York law provides, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."  N.Y. Gen. Bus. Law § 349.  By engaging in the practices discussed above, including, but not limited

to, Defendants' undisclosed defects, Defendants have violated New York General Business Law § 349.

83.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of North Carolina General Statutes § 75-1.1, *et seq*.  In particular, North Carolina law provides, "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."  N.C. Gen. Stat. § 75-1.1(a).  By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated North Carolina General Statutes § 75-1.1(a).

84.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of North Dakota Century Code § 51-15-01, *et seq*.  In particular, North Dakota law provides:

> The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice.

N.D. Cent. Code § 51-15-02.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated North Dakota Century Code § 51-15-02.

85.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Revised Code Annotated § 1345.01, *et seq*.  In particular, Ohio law provides, "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."  Ohio Rev. Code Ann. § 1345.02(a).  By engaging in the practices discussed above, including, but not limited to,

Defendants' undisclosed defects, Defendants have violated Ohio Revised Code Annotated § 1345.02(a).

86.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of Oklahoma Statutes Title 15, § 751, *et seq.* In particular, Oklahoma law provides:

> As used in the Oklahoma Consumer Protection Act: . . . 13. "Deceptive trade practice" means a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person. Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral; 14. "Unfair trade practice" means any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. . . .

Okla. Stat. Tit. 15, § 752.

Oklahoma law further provides:

> A person engages in a practice which is declared to be unlawful under the Oklahoma Consumer Protection Act, Section 751 et seq. of this title, when, in the course of the person's business, the person: . . . 5. Makes a false representation, knowingly or with reason to know, as to the characteristics, ingredients, uses, benefits, alterations, or quantities of the subject of a consumer transaction . . . ; . . . 7. Represents, knowingly or with reason to know, that the subject of a consumer transaction is of a particular standard, style or model, if it is of another; 8. Advertises, knowingly or with reason to know, the subject of a consumer transaction with intent not to sell it as advertised; . . . 20. Commits an unfair or deceptive trade practice as defined in Section 752 of this title . . . .

Okla. Stat. Tit. 15, § 753.

It continues to provide:

> A. A person engages in a deceptive trade practice when in the course of business, vocation, or occupation, the person: . . . 5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits or quantities of goods or services or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith; . . . 7. Represents that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if they are another; . . . C. The deceptive trade practices listed in this section are in addition to and do not limit the types of

unfair trade practices actionable at common law or under other statutes of this
state.

Okla. Stat. Tit. 78, § 53.

By engaging in the practices discussed above, including, but not limited to, Defendants'
undisclosed defects, Defendants have violated Oklahoma Statutes Titles 15, §§ 752 and 753,
78, § 53.

87.     Defendant has engaged in unfair competition or unfair or deceptive acts or
practices in violation of Oregon Revised Statutes § 646.605, et seq.  In particular, Oregon law
provides, "A person engages in an unlawful practice when in the course of the person's
business, vocation or occupation the person: (1) Employs any unconscionable tactic in
connection with the sale, rental or other disposition of real estate, goods or services . . . ."  Or.
Rev. Stat. § 646.607.  Oregon law further provides:

> **A person engages in an unlawful practice when in the course of the
> person's business, vocation or occupation the person does any of the
> following: . . . (e) Represents that real estate, goods or services have
> sponsorship, approval, characteristics, ingredients, uses, benefits,
> quantities or qualities that they do not have . . . . (g) Represents that
> real estate, goods or services are of a particular standard, quality,
> or grade, or that real estate or goods are of a particular style or
> model, if they are of another. . . . (t) Concurrent with tender or
> delivery of any real estate, goods or services fails to disclose any
> known material defect or material nonconformity. (u) Engages in
> any other unfair or deceptive conduct in trade or commerce.**

Or. Rev. Stat. § 646.608.

By engaging in the practices discussed above, including, but not limited to, Sling Media's
undisclosed display of its own unsolicited advertising content to users of its Slingboxes during
normal use and the appropriation of Class members' Slingboxes in connection with these
practices, Defendant has violated Oregon Revised Statutes §§ 646.607, 646.608.

88.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pennsylvania Statutes Annotated Title 73, § 201-1, *et seq*.  In particular, Pennsylvania law provides:

> (4) "Unfair methods of competition" and "unfair or deceptive acts or practices" mean any one or more of the following: . . . (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; . . . (ix) Advertising goods or services with intent not to sell them as advertised; . . . (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

Pa. Stat. Ann. Tit. 73, § 201-2.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Pennsylvania Statutes Annotated Title 73, § 201-2.

89.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Rhode Island General Laws § 6-13.1-1, *et seq*.  In particular, Rhode Island law provides:

> As used in this chapter: . . . (6) "Unfair methods of competition and unfair or deceptive acts or practices" means any one or more of the following: (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (vii) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (ix) Advertising goods or services with intent not to sell them as advertised; . . . (xii) Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding; (xiii) Engaging in any act or practice that is unfair or deceptive to the consumer; (xiv) Using any other methods, acts or practices which mislead or deceive members of the public in a material respect; . . . (xvii) Advertising claims concerning safety, performance, and comparative price unless the advertiser, upon request by any person, the consumer council, or the attorney general, makes available documentation substantiating the validity of the claim . . . .

R.I. Gen. Laws § 6-13.1-1.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Rhode Island General Laws § 6-13.1-1.

90.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of South Carolina Code Annotated § 39-5-10, *et seq.* In particular, South Carolina law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. . . ." S.C. Code Ann. § 39-5-20. By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated South Carolina Code Annotated § 39-5-20.

91.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of South Dakota Codified Laws § 37-24-1, et seq. In particular, South Dakota law provides:

> It is a deceptive act or practice for any person to: (1) Knowingly and intentionally act, use, or employ any deceptive act or practice, fraud, false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been misled, deceived, or damaged thereby.

S.D. Codified Laws § 37-24-6(1).

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated South Dakota Codified Laws § 37-24-6(1).

92.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tennessee Code Annotated § 47-18-101, et seq. In particular, Tennessee law provides:

> (b) Without limiting the scope of subsection (a), the following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses,

benefits or quantities that they do not have . . . ; . . . (7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised; . . . (21) Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services; . . . (27) Engaging in any other act or practice which is deceptive to the consumer or to any other person . . . .

Tenn. Code Ann. § 47-18-104.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Tennessee Code Annotated § 47-18-104.

93.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of TEX. BUS. & COM. CODE ANN. § 17.41, *et seq*.  Specifically General Motors has violated the following sections of the Texas Deceptive Trade Practices Act ("DTPA"):

Tex. Bus. & Com. Code §17.50(1): the use or employment of a false, misleading, or deceptive acts or practices as defined in §17.46(b)(5), §17.46(b)(7), §17.46(b)(20), and §17.50(b)(24) of the DTPA that were detrimentally relied upon by Plaintiffs and each member of the Texas Class; and

Tex. Bus. & Com. Code §17.50(3): an unconscionable action or course of action as defined by §17.45(5).

TEX. BUS. & COM. CODE ANN. § 17.41.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Texas Business & Communication Code Annotated § 17.41.

94.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Annotated § 13-11-1, *et seq*.  In particular, Utah law provides:

> (1) A deceptive act or practice by a supplier in connection with a consumer transaction violates this chapter whether it occurs before, during, or after the transaction. (2) Without limiting the scope of Subsection (1), a supplier commits a deceptive act or practice if the supplier knowingly or intentionally: (a) indicates that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not; (b) indicates that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not; . . .(e) indicates that the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not; . . . (j) . . . (ii) fails to honor a warranty or a particular warranty term . . . .

Utah Code Ann. § 13-11-4.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Utah Code Annotated § 13-11-4.

95. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vermont Statutes Annotated Title 9, § 2451, *et seq*. In particular, Vermont law provides, "(a) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful." Vt. Stat. Ann. tit. 9, § 2453. By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Vermont Statutes Annotated Title 9, § 2453.

96. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Virginia Code Annotated § 59.1-196, *et seq*. In particular, Virginia law provides:

> A. The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful: . . . 5. Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits; 6. Misrepresenting that goods or services are of a particular standard, quality, grade, style, or model; 7. Advertising or offering for sale goods that are used, secondhand, repossessed, defective, blemished, deteriorated, or reconditioned, or that are "seconds," irregulars, imperfects, or "not first class," without clearly and unequivocally indicating in the advertisement or offer for sale that the goods are used, secondhand,

> repossessed, defective, blemished, deteriorated, reconditioned, or are "seconds," irregulars, imperfects or "not first class"; 8. Advertising goods or services with intent not to sell them as advertised, or with intent not to sell at the price or upon the terms advertised. . . . 14. Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction . . . .

Va. Code Ann. § 59.1-200.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Virginia Code Annotated § 59.1-200.

97.     Defendants have engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of Washington Revised Code. § 19.86.010, *et seq*. Particularly, Washington law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Wash. Rev. Code § 19.86.020.  By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Washington Revised Code § 19.86.020.

98.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq*.  In particular, West Virginia law provides:

> (7) "Unfair methods of competition and unfair or deceptive acts or practices" means and includes, but is not limited to, any one or more of the following: . . . (E) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (G) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model if they are of another; . . . (I) Advertising goods or services with intent not to sell them as advertised; . . . (L) Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding; . . . (M) The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any

goods or services, whether or not any person has in fact been misled, deceived or damaged thereby . . . .

W. Va. Code § 46A-6-102.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated West Virginia Code § 46A-6-102.

99.     Defendants have engaged in unfair competition or unfair, deceptive, or fraudulent acts or practices in violation of Wisconsin Statutes § 100.20, *et seq*.  Particularly, Wisconsin law provides, "Methods of competition in business and trade practices in business shall be fair. Unfair methods of competition in business and unfair trade practices in business are hereby prohibited."  Wis. Stat. § 100.20(1).  By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Wisconsin Statutes § 100.20(1).

100.     Defendants have engaged in unfair competition or unfair, deceptive, or fraudulent acts or practices in violation of Wyoming Statutes Annotated § 40-12-101, *et seq*.  In particular, Wyoming law provides:

(a) A person engages in a deceptive trade practice unlawful under this act when, in the course of his business and in connection with a consumer transaction, he knowingly: (i) Represents that merchandise has a source, origin, sponsorship, approval, accessories or uses it does not have; . . . (iii) Represents that merchandise is of a particular standard, grade, style or model, if it is not; . . . (x) Advertises merchandise with intent not to sell it as advertised; . . . or . . . (xv) Engages in unfair or deceptive acts or practices.

Wyo. Stat. Ann. § 40-12-105.

By engaging in the practices discussed above, including, but not limited to, Defendants' undisclosed defects, Defendants have violated Wyoming Statutes Annotated § 40-12-105.

101.     Plaintiffs and members of the Class have been injured by reason of Defendants' unfair and deceptive acts and practices in regard to its sale of the CenturyLink Services without

proper disclosure, without which consumers would not have bought the services or would have been unwilling to pay the price they, in fact, purchased them for. These injuries are of the type that the above state consumer protection statutes were designed to prevent and are the direct result of Defendants' unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray the Court issue judgment against Defendants, as follows:

A.     For an order certifying the nationwide Class and state subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as Class Representative and her attorneys as Class Counsel;

B.     For an order declaring that Defendants' conduct violates the statutes and common law referenced herein;

C.     For an order finding in favor of the Plaintiff, and the nationwide Class on all counts asserted herein;

D.     For an order awarding actual, compensatory, and punitive damages in amounts to be determined by the Court and/or jury;

E.     For an order of restitution and all other forms of equitable monetary relief;

F.     For injunctive relief as pleaded or as the Court may deem proper;

G.     For any such equitable relief as the Court shall deem just and proper;

H.     For any attorney fees available under any state or federal statute or common law;

I.     For any punitive and/or exemplary damages, including but not limited to trebling, available under any state or federal statutory or common law;

J.      For any penalty or other type of civil damages or award under any state or federal statute

K.      For prejudgment interest on all amounts awarded; and

L.      For an order awarding Plaintiff and the Class their attorneys' fees and expenses and costs of suit.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: August 18, 2017

By:   _/s/ Tim Dollar_____
Tim E. Dollar, Missouri Bar No. 33123
Tom Hershewe, Missouri Bar No. 57642
**DOLLAR BURNS & BECKER, L.C.**
1100 Main Street, Suite 2600
Kansas City, MO 64105
Telephone: (816) 876-2600
Facsimile: (816) 221-8763
Email: timd@dollar-law.com

Attorneys for Plaintiff CHRISTINA SCOTT, individually and as the representative of a class of similarly-situated persons.